IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK T. WHITEHEAD,

                Plaintiff,

v.

MR. HINCHLEY, OFFICER THORNE, and
UNIT MANAGER FLADHAMMER,

                Defendants.

OPINION AND ORDER

17-cv-514-wmc

---

*Pro se* plaintiff Frank T. Whitehead, an inmate at New Lisbon Correctional Institution ("NLCI"), is proceeding in this lawsuit on Eighth Amendment deliberate indifference and Wisconsin negligence claims against two defendants related to his consumption of contaminated peanut butter, as well as a First Amendment retaliation claim against a third defendant for firing him from his prison job arising out of his pursuing the contamination claims. Since screening this case to go forward, Whitehead has filed five motions that will be denied: a motion for a preliminary injunction and temporary restraining order (dkt. #48), a motion for summary judgment for failure to file a timely answer (dkt. #34), and three motions for assistance in recruiting counsel (dkt. ##32, 33, 49).

### I. Motion for preliminary injunction and temporary restraining order (dkt. #48)

Whitehead seeks a preliminary injunction and temporary restraining order, but he has not complied with this court's procedures for obtaining preliminary injunctive relief, a

copy of which will be provided to plaintiff with this order.[1]  Under these procedures, a plaintiff must file and serve proposed findings of fact that support his claims, along with any evidence that supports those proposed findings.  Whitehead has neither submitted proposed findings of fact nor cited any evidence to support those findings.

Even if plaintiff's motion were not insufficient on its face, it would almost certainly be denied on the merits at this time.  To prevail on a motion for a preliminary injunction, plaintiff must show:  (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted.  *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007).  Furthermore, the Prison Litigation Reform Act ("PLRA"), which governs this lawsuit, narrows the available relief to an even greater extent in cases involving prison conditions.  Specifically, the PLRA states that any injunctive relief to remedy prison conditions must be "narrowly drawn to extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (vacating overbroad injunction related to the procedures for transferring prisoners to a supermax prison).  The PLRA also requires this court to "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief."  *Id*.

In his two-page motion, Whitehead complains that he has been retaliated against by various NLCI staff, including defendant Thorne, in a variety of ways, including being

---

[1] While providing these procedures, the court is neither directing nor encouraging Whitehead to file proposed findings for the reasons that follow.

2

placed on room confinement and segregation, having his legal materials thrown away, and having lost access to library time on false charges of disobeying orders, disrespect, and disruptive conduct.  He also clams that his religious rights have been violated.  However, none of these issues relate to the pending Eighth or First Amendment claims that are the subject of this lawsuit.  While Whitehead appears to understand that these issues are unrelated to this lawsuit, he argues that having already exhausted all of these claims, it would unnecessarily overload the court for him to file another lawsuit.  Yet the Federal Rules of Civil Procedure and § 3626 limit the circumstances in which the court can broaden claims and grant injunctive relief.  As such, Whitehead's apparent basis for pursuing injunctive relief goes far beyond the perimeters of this lawsuit.  Accordingly, his motion for a preliminary injunction and temporary restraining order will be denied without prejudice to filing a substantially more narrowed motion following the court's procedures.

## II.     Motion for summary judgment (dkt. #34)

Whitehead also filed a motion for summary judgment, arguing that defendants' answer was a day late.  Defendants explain that their answer was due 60 days from the date of the October 17, 2018, screening order.  They correctly point out, however, that December 16 was a Sunday, and thus, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), defendants' answer deadline was Monday, December 17, 2017.  Defendants filed their answer that day, and thus it was timely.  Thus, plaintiff's motion is denied as frivolous.

**III. Motions for assistance in recruiting counsel (dkt. ##32, 33)**

The starting point for Whitehead's request for assistance in recruiting counsel is that a *pro se* litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist *pro se* litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). To begin, before a district court can even consider such motions, it must first find that the plaintiff has made reasonable efforts to find a lawyer on his own and that they were unsuccessful or that he was prevented from making such efforts. *Jackson v. Cnty. of McLean*, 953 F.2d 1070 (7th Cir. 1992). To prove that he has made reasonable efforts, a plaintiff must submit letters from at least three lawyers who he asked to represent him in this case and who turned him down, or if such letters do not exist, an affidavit with the names, addresses and dates when he requested their assistance.

While Whitehead has satisfied this initial requirement, he must also show that the legal and factual difficulty of this case exceed his abilities. Whitehead argues that he needs the assistance of counsel because his imprisonment limits his ability to litigate this case, and his claims are complex. With respect to his first argument in particular, Whitehead claims that he has had difficulty access legal loan funding necessary to file an amended complaint, and he received a conduct report for sending a letter to the court because the postage cost caused him to overdraft on his account. Defendants responded to this assertion, confirming that Whitehead received a conduct report for overdrafting his

4

account. (Dkt. #37.) However, defendants further explain that the conduct report was issued after Whitehead had been warned that he needed prior approval for such overdrafts, and Whitehead did not seek prior approval to send a document to the court. Whitehead apparently lost 30 days of law library time as a result of that conduct report.

Regardless, even with the restrictions placed on Whitehead, the complexity of his claims does not require recruitment of counsel, at least at this point. Whitehead may disagree with his conduct report, but that claim is not before the court, and the fallout from that conduct report has not impeded Whitehead's ability to meet deadlines in this case. To the contrary, it appears that Whitehead has been able to conduct discovery, and the record of this case shows that Whitehead has been able to submit multiple motions with the court despite the limits placed on him by institution procedures. Whitehead's filings also show an understanding of both the Federal Rules of Civil Procedure and the substance of his federal and state law claims.[2] Moreover, Whitehead appears to be working diligently to gather evidence in support of his claims, having filed his expert witness disclosures that includes a list of several individuals that may be willing to testify on his behalf.[3] On balance, the court is not persuaded that Whitehead cannot meet the demands of this lawsuit at this stage. Accordingly, Whitehead's motion will be denied, but the denial

---

[2] Whitehead may have sought to pursue relief in a preliminary injunction motion on issues unrelated to his claims, but his own statements in that motion indicate that he understands the limits of this lawsuit and wants the court to make an exception for him. If anything, this acknowledgement militates against, and not in favor of, recruiting an attorney for him.

[3] A review of those disclosures shows that he has included some potential lay witnesses, suggesting some misunderstanding of who might constitute an expert, but also showing that Whitehead understands the nature of his claims and the type of information that will support them.

will be without prejudice to his ability to renew his motion if, as this case proceeds, the legal and factual difficulty of this case exceeds his ability to litigate it alone.

ORDER

IT IS ORDERED that:

1) Plaintiff Frank Whitehead's motions for summary judgment (dkt. #34), assistance in recruiting counsel (dkt. ##32, 33, 49) and a preliminary injunction and temporary restraining order (dkt. #48) are DENIED. Whitehead's motions for assistance in recruiting counsel are denied without prejudice.

2) The clerk of court is directed to send to plaintiff a copy of this court's procedures for requesting preliminary injunctive relief.

Entered this 29th day of August, 2019.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge